# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY REID, | : | |
| BOP REG NO. 57852-019, | : | CRIMINAL INDICTMENT NO. |
|     Movant, | : | 1:06-CR-0097-1-TWT |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-1394-TWT |
| UNITED STATES OF | : | |
| AMERICA, | : | |
|     Respondent. | : | |

## **ORDER AND OPINION**

Movant Anthony Reid ("Movant") seeks via 28 U.S.C. § 2255 to challenge the constitutionality of the two concurrent 85-month sentences he received for his October 24, 2006, convictions in this Court of conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. The matter is before me on: the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 126]; the Government's response [Doc. 129]; and Movant's reply [Doc. 133].

I. Background

On July 10, 2006, Movant, who was represented by attorney Suzanne Hashimi, entered non-negotiated guilty pleas to conspiracy to possess with intent

to distribute heroin and possession with intent to distribute heroin. (Doc. 64; Doc. 101, transcript of guilty plea hearing.) On July 25, 2006, Movant filed a *pro se* motion to withdraw his guilty pleas. (Doc. 67.) During the hearing held on August 17, 2006, Movant raised a motion for appointment of new counsel. (Doc. 71; Doc. 93, transcript of motion to withdraw guilty pleas hearing.) At the conclusion of the hearing, Movant's motion to withdraw his guilty pleas and motion for appointment of new counsel were denied. (*Id.*) On October 23, 2006, Movant received two concurrent 85-month sentences to be followed by four years of supervised release. (Doc. 78; Doc. 103, transcript of sentencing hearing.) During that hearing, Movant's second motion for appointment of new counsel was denied. (Doc. 103.) On October 24, 2006, the Judgment and Commitment Order was entered. (Doc. 81.)

On November 14, 2006, Movant filed a notice of appeal. (Doc. 85.) Movant, through newly appointed counsel Lynn Fant, enumerated the following errors:

1. the trial court erred by not granting Movant's motion to withdraw guilty pleas;

2. the trial court erred by not appointing an expert to analyze audiotape recordings;

2

3. the trial court erred by not reducing Movant's offense level under the safety-valve provision of U.S.S.G. § 5C1.2;

4. the trial court erred by enhancing Movant's offense level for aggravating role under U.S.S.G. § 3B.1(c);

5. the trial court erred by not granting Movant a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a); and

6. the trial court erred by imposing a sentence that was not reasonable under the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Reid*, 256 F. App'x 317, 320-22 (11th Cir. Nov. 28, 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 2524 (2008) (unpublished opinion). (Doc. 123.) On November 28, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. *Id.* at 323.

In this § 2255 motion to vacate sentence, Movant raises the following grounds for relief:

1. Movant was denied his Sixth Amendment right to effective assistance of counsel due to defense counsel's failure to (a) conduct any pretrial discovery, (b) seek suppression of the audiotape due to a break in the chain of custody and authenticity of the audiotape, and (c) obtain a plea agreement for a lesser charge or to have one of the counts dismissed;

2. the trial court erred by not allowing Movant to withdraw his guilty pleas after he proclaimed his innocence; and

3

3. Movant was denied his Sixth Amendment right to effective assistance of counsel due to appellate counsel (a) failing to raise on appeal that the trial court erred by vouching for the trial attorney, (b) failing to raise on appeal that the trial court erred by giving his professional opinion regarding the evidence, (c) failing to have an expert test the audiotape during the pendency of the appeal, and (d) failing to raise as error the district court's refusal to allow him to withdraw his guilty pleas.

(Doc. 126-2, memorandum of law at 6-7, 10, 13 and 15-17.) The Government answers that Movant "litigated the Guideline issues, the voluntariness of his plea, and the purported failure to retain an expert" before the Eleventh Circuit. (Doc. 129 at 13.) Relying on *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000), the Government contends that "this Court need not entertain any argument relating to matters previously litigated in the context of his [Movant's] present [m]otion." (Doc. 129 at 13-14.) "Consequently, the Government respectfully requests that this Court decline to entertain any argument relating to the Defendant's guilty plea, the purported failure to retain an expert, or the Sentencing Guideline issues." (*Id.* at 14.) The Government, however, also discusses Movant's grounds for relief, and argues they are without merit. (*Id.* at 14-27.)

In his reply, Movant "concede[s] as to the Government's position that all claims in the § 2255 motion cannot be relitigated on § 2255 if they have been

4

litigated on direct appeal." (Doc. 133 at 2.) Movant "submits that the only claim ripe for consideration by this Court is his claim of ineffective assistance of counsel based upon trial counsel's failure to investigate potential defenses." (*Id.*)

II. Discussion

I first address the question of whether all of Movant's grounds for relief except for a single claim of ineffective assistance of trial counsel have previously been litigated. The Eleventh Circuit reviewed ground 2 and concluded that Movant "did not meet the heavy burden of showing a fair and just reason for withdrawal of his guilty plea." *Reid*, 256 F. App'x at 320. Therefore, ground 2 should not be reviewed. *See Thomas v. United States*, 572 F.3d 1300, 1304 (11th Cir. 2009) (a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal" (quoting *Nyhuis*, 211 F.3d at 1343)).

However, "[a]n ineffective-assistance claim is analytically distinct from the substantive claim underlying it." *Bailey v. Nagle*, 172 F.3d 1299, 1304 n.8 (11th Cir. 1999). The analytical distinction is significant in this case, because Movant raised only trial court errors on direct appeal. Further, the Supreme Court has stated that "[t]he better-reasoned approach is to permit ineffective-assistance

5

AO 72A
(Rev.8/82)

claims to be brought in the first instance in a timely motion in the district court under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Thomas*, 572 F.3d at 1304-05 ("Generally, claims of ineffective assistance of counsel are not considered for the first time on direct appeal.") (internal quotation omitted). Therefore, despite Movant's "concession," I will examine the claims of ineffective assistance of counsel raised in grounds 1 and 3.

### A. The Federal Standard for Reviewing Claims of Ineffective Assistance of Counsel

The federal standard for evaluating ineffective assistance of counsel claims was developed in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001) ("The same standard applies whether we are examining the performance of counsel at the trial or appellate level."). "A claim of ineffective assistance of counsel requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different." *Huynh v. King*, 95 F.3d 1052, 1056 (11th Cir. 1996) (citing *Strickland*, 466 U.S. at 689). A court need not address both of these prongs "if the defendant makes an insufficient

6

showing on one." *Strickland*, 466 U.S. at 697; *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) ("a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa").

"In order to establish that counsel's conduct was unreasonable, [] the petitioner must prove that no competent counsel would have taken the action that his counsel did take." *Ward*, 592 F.3d at 1164 (internal quotation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.* (internal quotation omitted). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation omitted).

"If the petitioner is successful in proving deficient performance by counsel, he must then establish prejudice before he is entitled to relief." *Ward*, 592 F.3d at 1165. Prejudice is demonstrated when a movant shows "'that there is a reasonable

7

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" *Ward*, 592 F.3d at 1165 (quoting *Strickland*, 466 U.S. at 694). A defendant challenging the validity of his guilty plea, "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### B. Review of Grounds for Relief

#### 1. Ground 1(a)

In ground 1(a), Movant contends that Ms. Hashimi failed to conduct any pretrial discovery and, relatedly, failed to develop a trial strategy. (Doc. 126-2, memorandum of law at 6,9; Doc. 133, Movant's reply at 2.) Specifically, Movant claims that Ms. Hashimi did not take "seriously" his claim that "two of the witnesses" were "not credible." (Doc. 93, transcript of motion to withdraw guilty plea hearing at 6; Doc. 126-2, memorandum of law at 6.) The record undercuts this ground for relief. During the withdrawal of guilty pleas hearing, Ms. Hashimi stated that she had "prepare[d] the case for trial" and "made efforts to locate the

AO 72A
(Rev.8/82)

witnesses." (Doc. 93, transcript of motion to withdraw guilty plea hearing at 8.) Ms. Hashimi admitted to having "difficulty finding one of the witnesses." (*Id.*)

Movant does not attempt to show that Ms. Hashimi had access to the information necessary to locate one of the witnesses. Further, apart from his allegations contained in ground 1(b), Movant does not allege any other example of pretrial discovery that she failed to pursue. Movant also fails to develop his conclusory claim that Ms. Hashimi did not prepare a strategy for trial or suggest a strategy she should have pursued. Movant has not met his burden of demonstrating that Ms. Hashimi's representation was objectively deficient, and that, but for her deficient representation, he would not have pled guilty. *See Randolph v. McNeil*, 590 F.3d 1273, 1276 n.1 (11th Cir. 2009) ("conclusory assertions" will not support a claim of ineffective assistance of counsel); *Johnson v. Alabama*, 256 F.3d 1156, 1183 (11th Cir. 2001) ("pure speculation" is insufficient to demonstrate ineffective assistance of counsel); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (internal quotation omitted); *Bennett v. Fortner*, 863 F.2d 804, 809 (11th Cir. 1989) (speculative allegations of prejudice do not satisfy *Strickland*).

9

### 2. Ground 1(b)

In ground 1(b), Movant contends that Ms. Hashimi "failed to file a possible suppression motion on the authenticity of the audio-tape that was the heart of the government's case." (Doc. 126-2, memorandum of law at 6.) According to Movant, "his voice was not on the tape," "the authorities had altered the tape, [and] therefore, a chain in the custody was broken." (*Id.* at 7.)

During the motion to withdraw guilty pleas hearing, Ms. Hashimi stated that she "advised" Movant that "I did not think it was necessary to" hire a voice analyst. (Doc. 93, transcript of motion to withdraw guilty plea hearing at 10.) Ms. Hashimi "talked to her [supervisory attorney] Ms. Kearns about it, and quite frankly I told her that I did not think the expenditure of funds, [between $3,500.00 and $4,000.00], was warranted in the case and that I did not have any basis for doubting the authenticity of the tape that had been provided to me by the government." (*Id.* at 11.)

"How a lawyer spends his inherently limited time and resources is [] entitled to great deference by the court." *Chandler v. United States*, 218 F.3d 1305, 1318 n.22 (11th Cir. 2000). "[C]ounsel's reliance on particular lines of defense to the exclusion of others-whether or not he investigated those other defenses-is a matter

10

of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable" *Id.* at 1318; *cf. Schwab v. Crosby*, 451 F.3d 1308, 1321 (11th Cir. 2006) ("*Strickland* does not compel an attorney to urge an argument which he reasonably finds to be futile, let alone one he finds to be false") (internal quotation omitted).

Beyond his own self-serving and speculative claim, Movant has not suggested any reason to suspect the Government of altering the audiotape to make it falsely appear that his voice was on it. The decision not to hire a voice analyst was neither unreasonable nor prejudicial.

### 3. Ground 1(c)

Movant contends in ground 1(c) that Ms. Hashimi should have "obtained a plea for a lesser charge or at least get one of the counts dismissed." (Doc. 126-2, memorandum of law at 10.) This claim does not go to the "voluntary and intelligent character of the guilty plea[s]" and need not be reviewed. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Broce*, 488 U.S. 563, 569 (1989) ("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").

11

Even if this ground for relief could arguably be connected to Movant's guilty pleas, it is without merit. Ms. Hashimi pursued a plea agreement, but "the government was not making any meaningful plea offer in the case." (Doc. 93, transcript of motion to withdraw guilty plea hearing at 7.) Instead, Ms. Hashimi attempted to make Movant "eligible for safety valve." (*Id.*) Ms. Hashimi explained that Movant "wouldn't be under a mandatory minimum [sentence] if he qualified for the safety valve." (*Id.* at 7-8.)

Movant has neither attempted to show what more Ms. Hashimi should have done to secure a favorable plea agreement nor put forth evidence indicating that the Government had offered such an agreement. Moreover, "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987) (relying on *Weatherford* to hold that the "government was under no obligation to enter into any plea bargaining or to accept any deal offered by Palmer"). Movant has not demonstrated that Ms. Hashimi rendered ineffective assistance of counsel by failing to secure a favorable plea agreement.

AO 72A
(Rev.8/82)

### 4. Ground 3(a)

In grounds 3(a), Movant alleges that Ms. Fant failed to provide competent representation on appeal by not raising as error "the district court's vouching for the trial attorney." (Doc. 126-2, memorandum of law at 17.) Although Movant does not point to any specific statement I made concerning Ms. Hashimi, he is apparently referring to several complimentary remarks I made concerning Ms. Hashimi's professional performance in previous criminal cases before me. (Doc. 93, transcript of motion to withdraw guilty plea hearing at 14-16; Doc. 103, transcript of sentencing hearing at 8-10.) Those comments were made while making a determination as to whether new counsel should be appointed to represent Movant, and whether he should be entitled to withdraw his guilty pleas. In such a situation, I am required to "consider the totality of the circumstances," and, as part of making that determination, I must ascertain "whether close assistance of counsel was available." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006); *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997) (a district court should conduct an adequate "inquiry into merits of the motion" for appointment of new counsel); *United States v. Oliver*, 316 F. App'x 877, 880 (11th Cir. Nov. 4, 2008) (relying on district court's conclusion that "trial counsel

13

continued to do a 'conscientious and competent job' representing Oliver" to find no error in denying his motion for new counsel) (unpublished opinion).

There is no merit to Movant's claim that I improperly vouched for trial counsel, and "appellate counsel is not ineffective for failing to raise a meritless issue on appeal." *Owen v. Secretary for Dep't of Corrections*, 568 F.3d 894, 915 (11th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 1141 (2010) (internal quotation omitted). Indeed, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotation omitted). Ms. Fant's failure to raise ground 3(a) on appeal was neither unreasonable nor prejudicial.

### 5. Ground 3(b)

In ground 3(b), Movant claims that Ms. Fant should have raised on appeal that I erred by offering my "professional opinion regarding the evidence." (Doc. 126-2, memorandum of law at 17.) Movant and three witnesses testified during the sentencing hearing about matters relevant to whether Movant's sentences should be adjusted for safety valve, role enhancement, and acceptance of responsibility. (Doc. 103, transcript of sentencing hearing at 13-45, 47-55, 57-65,

14

and 68-86.) During that hearing, the audiotape of Movant's comments concerning the drug transactions for which he was charged was played. (*Id.* at 88.) After hearing this evidence, I found that (1) Movant was untruthful during his debriefing and in his testimony during the sentencing hearing, (2) one of the Government's witnesses was credible, and (3) the other two were not. (*Id.* at 91-92.)

I am required to evaluate the evidence presented during sentencing in order to determine the appropriate sentence. *See* Fed. R. Crim. P. 32(i)(2)-(3) (permitting parties to introduce evidence during sentencing and requiring the district court to make certain findings); *United States v. Amedeo*, 370 F.3d 1305, 1312 (11th Cir. 2004) ("district court's factual findings related to the imposition of sentencing enhancements . . . are reviewed only for clear error"). Ms. Fant made an objectively reasonable decision not to raise this issue on appeal.

### 6. Ground 3(c)

In ground 3(c), Movant contends that Ms. Fant "should have hired her own expert to test the audio-tape." (Doc. 126-2, memorandum of law at 17.) By failing to do so, Ms. Fant allegedly failed "to challenge the government's case." (*Id.* at 18.) For the same reasons I concluded that Ms. Hashimi's decision not to hire a

15

voice analyst was neither unreasonable nor prejudicial, Ms. Fant was not required to raise this wholly speculative issue on appeal.

### 7. Ground 3(d)

In his final claim of ineffective assistance of appellate counsel, Movant claims that Ms. Fant failed to "challenge . . . the district court's refusal to allow Reid to withdraw his guilty plea[s]." (Doc. 126-2, memorandum of law at 18.) There is no merit to this ground for relief. Ms. Fant raised on appeal that I erred by not allowing Movant to withdraw his guilty pleas. *Reid*, 256 F. App'x at 320.

## III. Certificate of Appealability

Pursuant to Rule 22(b)(1) of the Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ['COA'] under 28 U.S.C. § 2253(c)." "The district court must issue or deny a . . . [COA] when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2255 Cases (Dec. 1, 2009).

Title 28 U.S.C. § 2253(c)(2) provides that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." An applicant satisfies this standard when he demonstrates "that reasonable jurists

16

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner. . . ." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation omitted).

Movant has raised speculative and meritless claims of ineffective assistance of counsel. Movant's claim that he should have been allowed to withdraw his guilty pleas was previously decided adversely to him on appeal. Because Movant has not made a substantial showing of being denied a constitutional right, he should be denied a COA.

IV. Conclusion

**IT IS ORDERED** that Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 126] is **DENIED**. Movant is **DENIED** a certificate of appealability.

SO ORDERED, this 29 day of March, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

AO 72A
(Rev.8/82)