**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANTHONY REID, : | |
| BOP REG NO. 57852-019, : | CRIMINAL INDICTMENT NO. |
|    Movant, : | 1:06-CR-0097-1-TWT |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-CV-1394-TWT |
| UNITED STATES OF : | |
| AMERICA, : | |
|    Respondent. : | |

**ORDER AND OPINION**

On March 30, 2010, this Court denied Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Docs. 134 and 135.) Movant has now filed a motion for reconsideration. (Doc. 136.)

"Motions for reconsideration shall not be filed as a matter of routine practice." Local Rule 7.2(E), NDGa. Instead, a motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

AO 72A
(Rev.8/82)

In denying this motion to vacate sentence, this Court concluded that Movant's claims of ineffective assistance of counsel (grounds one and three) were speculative and meritless. (Doc. 134 at 9-16.) Movant's claim that he should have been allowed to withdraw his guilty pleas (ground two) was decided adversely to him on direct appeal. (Id. at 5.) Therefore, this Court was not required to reconsider whether Movant should have been permitted to withdraw his guilty pleas. (Id.)

In his motion for reconsideration, Movant states that this Court relied exclusively on the record. (Doc. 136 at 2.) Movant claims that the affidavit he submitted contained allegations relating to events outside the record. (Id.) According to Movant, this Court should have held an evidentiary hearing to consider the issues raised in his affidavit before denying his motion to vacate sentence. (Id.)

Movant's affidavit was submitted in his reply to the Government's response. (Doc. 133 at 6-8.) The affidavit does not set forth any material facts that were not previously alleged in his memorandum of law. (Doc. 126-2.) In fact, the affidavit was basically a restatement of Movant's arguments and conclusions. (Id.) The Order denying relief referenced the allegations Movant made in his memorandum

2

of law and reply to the Government's response. (Doc. 135, dismissal Order at 3-4, 8-10, and 13-16.) Movant does not raise in his motion for reconsideration any allegation or fact that this Court did not consider before denying him relief. Consequently, an evidentiary hearing is not warranted. See Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (evidentiary hearing not needed to address an affidavit's conclusory allegations); Aron v. United States, 291 F.3d 708, 714-15 (11thCir. 2002) (evidentiary hearing not required when allegations that are assumed true do not entitle the movant to relief). Accordingly, Movant's motion for reconsideration should be denied.

**IT IS ORDERED** that Movant's motion for reconsideration [Doc. 136] is **DENIED**.

SO ORDERED, this 7 day of May, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

3

AO 72A
(Rev.8/82)